# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| NAMELY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | 1:21-CV-02777-CAP |
| | ) | |
| PEOPLE CENTER, INC. d/b/a | ) | |
| RIPPLING; RIPPLING PEO 1, INC; | ) | |
| RIPPLING PEO 2, INC.; RIPPLING | ) | |
| PEO 3, INC; JESER QUIONES; | ) | |
| DOUGLAS CHIKI; MISCHELLE | ) | |
| PARK; SAMUEL ROTHMAN; | ) | |
| KYLEE REEVES; THEODORE | ) | |
| WERNER; SHIVANI DESAI; | ) | |
| MADISON ROBERTSON; and | ) | |
| BRITTANY JACOBS, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendants People Center, Inc. d/b/a Rippling ("Rippling"), Rippling PEO 1,

Inc, Rippling PEO 2, Inc., Rippling PEO 3, Inc. (together, the "Rippling

Defendants),[1] Jesse Quinones, Douglas Chiki, Mischelle Park, Samuel Rothman,

---

[1]    Three of the Rippling Defendants are improperly included in this lawsuit. Rippling PEO 1, Inc., Rippling PEO 2, Inc., and Rippling PEO 3, Inc. are Florida-based corporations, but only Rippling PEO 1 is actively providing PEO services. Additionally, none of the Individual Defendants are "employees" of Rippling PEO

Kylee Reeves, Theodore Werner, Shivani Desai, Madison Robertson, and Brittany Jacobs (Quinones, Chiki, Park, Rothman, Reeves, Werner, Desai, Robertson, and Jacobs referred to collectively as the "Individual Defendants") (the Rippling Defendants and the Individual Defendants are referred to collectively as "Defendants") hereby file their Motion to Dismiss Plaintiff Namely, Inc.'s Complaint and Memorandum of Law in Support Thereof.

## **INTRODUCTION**

Namely seeks to prevent the Rippling Defendants from hiring any Namely employee in Georgia, including the nine former Namely employees whom it named as individual defendants in this lawsuit.  (Dkt. No. 1 at p. 32).  Namely does not allege that any defendant actually accessed or used any Namely confidential information, nor does Namely allege that any of the Individual Defendants improperly solicited a Namely client or Namely employee in an attempt to move them to Rippling.  Moreover, Namely admits that Namely itself terminated without cause at least one of those nine Individual Defendants in May 2020 -- at the onset of the COVID pandemic (Dkt. No. 1 at ¶ 61) -- and yet now, over a year later, is suing to prevent that same employee from working for any competitor, including Rippling.

---

[1] for the purposes of recruiting, hiring, or firing decisions, so it would not be a proper defendant in this matter.

Defendants strongly dispute Namely's allegations and will defend vigorously against Namely's attempt to intimidate Rippling and its employees in this manner.

At the outset, however, Plaintiff's Complaint should be dismissed for two basic procedural reasons. First, this Court does not have jurisdiction over the matter because Plaintiff alleges that diversity jurisdiction exists, but based on the face of the Complaint itself, Plaintiff and Rippling are citizens of the same state. Since diversity does not exist and Plaintiff has not pled any federal claims, this Court cannot adjudicate this dispute.

Second, this dispute must be litigated in New York, not Georgia. In its Complaint, Plaintiff raises four causes of action against Defendants, all related to alleged breaches or interference with the Namely Employee Proprietary Information and Inventions Agreement ("the Agreements"). The Individual Defendants signed the Agreements, each of which contain a forum selection clause requiring that all actions related to the Agreements be brought exclusively in state or federal courts located in New York County, New York. Therefore, venue for Plaintiff's claims is not proper in Georgia. For these reasons, and as explained in greater detail below, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint because of lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and improper venue under Fed. R. Civ. P. 12(b)(3).

## RELEVANT FACTUAL BACKGROUND

Plaintiff filed its Complaint seeking injunctive relief and damages on July 12, 2021. In the Complaint, Plaintiff states that it is a Delaware Corporation with its principal place of business in New York.  (Dkt. No. 1 at ¶ 1.)  Plaintiff then states alleges that Rippling is a Delaware corporation with its principal place of business in California.

As set forth in its Complaint, each of the Individual Defendants signed the Agreements. (Dkt. No. 1 at ¶ 31). The Agreements each contain identical Choice of Law provisions, which state:

> <u>Choice of Law and Jurisdiction</u>. Any dispute in the meaning, effect or validity of this Agreement shall be resolved in accordance with the laws of the State of New York without regard to the conflict of laws provisions thereof. Any legal action or proceeding relating to this Agreement shall be brought ***exclusively*** in the state or federal courts located in New York County, New York, and each party consents to the jurisdiction thereof.

(Dkt Nos. 1-1 at p. 5, 11, 17, 23, 30, 38, 44, 50, 1-2 at p. 35 [emphasis added]). Thus, it is undisputed that the parties agreed to bring any action relating to the Agreement solely in the state or federal courts located in New York County, New York.

## ARGUMENT

**I.    This Court Does Not Have Jurisdiction Because Plaintiff and Rippling are Citizens of the Same State.**

This Court should dismiss Plaintiff's Complaint because Plaintiff's own allegations establish that the Court does not have diversity jurisdiction (or any other jurisdiction) over this dispute.  The first question that this Court must ask at the outset of the lawsuit is whether it can hear the matter.  *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167 (2d Cir. 2008), aff'd 130 S. Ct. 2869 (2010)(quoting *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir.2008)) ("Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.").  "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Diversity jurisdiction only exists when the lawsuit is between citizens of different states.  28 U.S.C. § 1332(a)(1).  "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state." *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).

A corporation is a citizen of every state "by which it has been incorporated." 28 U.S.C. § 1332(c)(1). As set forth in the first two paragraphs of the Complaint, Plaintiff and Rippling are both incorporated in Delaware, which means that they are citizens of the same state and that diversity does not exist. As this is the sole basis for jurisdiction asserted by Plaintiff, this Court should dismiss the action. (Dkt. No. 1 ¶¶ 16-18.)

## II. The Northern District of Georgia is not the Proper Venue for this Action.

### A. The Forum Selection Clauses in the Agreement are Enforceable.

Defendants seek to enforce the agreed upon forum selection clause contained in the Agreements that form the basis of Plaintiff's claims. The law is clear that forum selection clauses such as those found in the Agreements are routinely enforceable. The Supreme Court of the United States of America has held that forum selection clauses are prima facie valid and should be enforced unless the opposing party can show that the enforcement would be unreasonable under the circumstances. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985) (There is "a strong presumption in favor of enforcement of freely negotiated choice-of-forum provisions"); *M/S Bremen v. Zapata Off-Shore*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). "[A] valid forum-selection clause

is given controlling weight in all but the most exceptional cases." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 at 33 (1988) (Kennedy, J., concurring).

The Eleventh Circuit has "found forum selection clauses to be presumptively valid and will enforce them absent evidence of fraud, overreaching or similar inequitable conduct. *Cornett v. Carrithers*, 465 F. App'x 841, 842 (11th Cir. 2012) (internal quotation omitted). "Thus, a forum-selection clause will only be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy.'" *Id.* at 842–43.

None of these four factors are present here.  Plaintiff cannot allege that it entered into the Agreements as the result of fraud or overreaching, as Plaintiff prepared the Agreement and required the Individual Defendants to sign as "a material part of the consideration for [their] employment and/or continued employment by the Company." (Dkt Nos. 1-1 at p. 2, 8, 14, 20, 27, 35, 41, 47, 1-2 at p. 32).  Plaintiff's principal place of business and only physical office are both in New York, so Plaintiff cannot show that it would be deprived of its day in court by litigating in New York. (Dkt No. 1 at ¶¶ 1, 21). Plaintiff chose the venue where it wanted any proceedings related to the Agreement to be brought. While Plaintiff may

now feel it advantageous to attempt to evade its prior choice of forum, it cannot in good faith maintain that enforcement of the forum selection clauses would be unfair or unreasonable or that it entered the Agreement as a result of fraud or overreaching.

There is also no concern that New York law will deny a remedy to the Plaintiff or that enforcement of the forum selection clause would contravene public policy. To the contrary, allowing Plaintiffs to evade their own mandatory[2] forum-selection clause and engage in forum-shopping would itself contravene public policy. Simply put, Plaintiff chose to have actions regarding the Agreements litigated exclusively in New York and it cannot change its mind now that it apparently thinks that litigating in Georgia would bring it some strategic benefit.

### B. All of Plaintiff's Claims are Within the Scope of the Forum Selection Clauses in the Agreement.

This Court should grant Defendants' Motion because each of Plaintiff's claims against Defendants are clearly within the scope of the forum selection clause

---

[2] "A forum selection clause may be either 'mandatory' or 'permissive' in nature. [Cit.] A mandatory clause prescribes a specific forum in which litigation regarding the contracted-to subject matter must be brought; a permissive clause, by contrast, identifies a forum in which such litigation permissibly may be brought, but on a non-exclusive basis. [Cit.] One hallmark of a mandatory clause is the use of the imperative term 'shall,' which prescribes a "requirement." *Cornett v. Carrithers*, 465 F. App'x 841, 843 (11th Cir. 2012) (internal citations omitted).  Here, the forum selection clauses set forth that claims relating to the Agreements must be brought "exclusively" in New York, so the provisions are mandatory.

of the Agreements. Plaintiff's first cause of action is for breach of contract against the Individual Defendants, premised on the allegation that the Individual Defendants "breached the terms of the Agreement." (Dkt No. 1 at ¶ 67). Plaintiff's second cause of action is for tortious interference with contractual relations against the Rippling Defendants, premised on the allegation that "the Rippling Defendants induced the Individual Defendants and the Other Former Namely Employees to breach the Covenants Regarding Competition set forth in the Agreement." (Dkt No. 1 at ¶ 70). Plaintiff's third and fourth causes of action are for attorney's fees against all Defendants and punitive damages against the Rippling Defendants, respectively, which both stem from the first and second causes of action. Thus, all four of Plaintiff's causes of action "relat[e] to [the] Agreement" such that the mandatory forum selection clause contained in the Agreement controls, and all alleged claims should have been filed in New York.

To the extent that Plaintiff claims that the forum selection clauses should not apply to the Rippling Defendants because they are not parties to the Agreement, the Eleventh Circuit has stated that non-signatories are bound to a forum-selection clause where the party's interests are "completely derivative of those of the [signatories]—and thus directly related to, if not predicated upon the interests of the [signatories]." *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1299

9

(11th Cir. 1998) (internal quotations omitted). *See also Stiles v. Bakers Healthcare Grp.*, 637 F. App'x 556, 561–62 (11th Cir. 2016) (applying a forum selection clause to wife of borrower, who was not a party to a loan agreement, because her claims against the lender were "derivative of and directly related to her husband's" claims); *Textile Rubber & Chem. Co., Inc. v. MSM Poly, LLC*, No. 4:18-CV-0276-HLM, 2019 WL 10367985, at *4 (N.D. Ga. Jan. 24, 2019) (declining to sever claims against non-signatory on remand based on forum selection clause in contract where the non-signatory's purported liability arose from the signatory defendant's alleged breach of contract). Here, the tortious interference claims against the Rippling Defendants are wholly derivative of the breach of contract claims against the Individual Defendants. Plaintiff must show one or more breaches of the Agreements before it can establish that the Rippling Defendants engaged in tortious interference. Additionally, it would risk inconsistent results and make no sense to force the Rippling Defendants to litigate in Georgia when the Individual Defendants litigate the underlying breach of contract claims in New York. As such, the only correct venue for this litigation is in state court in New York.

## CONCLUSION

Because this Court does not have jurisdiction over this matter and also because Plaintiff and the Individual Defendants entered into Agreements in which the parties

designated New York County as the exclusive jurisdiction for all disputes related to or arising out of the Agreement, this Court should dismiss Plaintiff's Complaint.

This the 5th day of August, 2021.

/s/Michael P. Elkon
Michael P. Elkon
Georgia Bar No. 243355
melkon@fisherphillips.com
Dana Schwartzenfeld
Georgia Bar No. 261022
dschwartzenfeld@fisherphillips.com

**FISHER PHILLIPS LLP**
1075 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30309
Telephone:   (404) 231-1400
Facsimile:    (404) 240-4249

*Counsel for Defendants*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D</u>

The undersigned certifies that the foregoing Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support Thereof has been prepared using 14-point Times New Roman font in compliance with Local Rule 5.1(B).

*/s/Michael P. Elkon*
Michael P. Elkon
Georgia Bar No. 243355
melkon@fisherphillips.com
Dana Schwartzenfeld
Georgia Bar No. 261022
dschwartzenfeld@fisherphillips.com


**FISHER PHILLIPS LLP**
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| NAMELY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | 1:21-CV-02777-CAP |
| | ) | |
| PEOPLE CENTER, INC. d/b/a | ) | |
| RIPPLING; RIPPLING PEO 1, INC; | ) | |
| RIPPLING PEO 2, INC.; RIPPLING | ) | |
| PEO 3, INC; JESER QUIONES; | ) | |
| DOUGLAS CHIKI; MISCHELLE | ) | |
| PARK; SAMUEL ROTHMAN; | ) | |
| KYLEE REEVES; THEODORE | ) | |
| WERNER; SHIVANI DESAI; | ) | |
| MADISON ROBERTSON; and | ) | |
| BRITTANY JACOBS, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that, on August 5, 2021, the foregoing ***Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support Thereof*** was electronically filed with the Clerk of Court using the CM/ECF system and was sent by first class mail, postage prepaid, to Plaintiff at:

Kenneth G. Menendez
William H. Buechner, Jr.
Freeman Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948

/s/Michael P. Elkon
Michael P. Elkon
Georgia Bar No. 243355
melkon@fisherphillips.com

**FISHER PHILLIPS LLP**
*Counsel for Defendants*

14